IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

IN RE:                                                BK 07-71774-CMS-13

**TAMEKA T. CHURCH**
**ALPHONSO RANCHER**

        **Debtors.**

## MEMORANDUM OPINION

This matter first came before the court on the Bankruptcy Administrator's ("BA") Motion for Examination of Debtors' Transactions with Attorney on May 13, 2009. (Bk. Doc. 43). Joseph E. Bulgarella appeared on behalf of the BA; Tessie P. Clements ("Attorney Clements") appeared on behalf of herself; W. McCollum Halcomb appeared on behalf of C. David Cotthingham, the Chapter 13 Trustee ("Trustee"); and Robert A. Morgan appeared on behalf of Tameka T. Rancher[1] ("Mrs. Rancher") and Alphonso Rancher ("Mr. Rancher") (collectively "the Debtors"). After consideration of the evidence submitted at the hearing and the arguments of counsel, this court found that Attorney Clements failed to meet her burden of proving that she did not receive $1,200.00 from the Debtors prepetition (Bk Doc. 68 & 69). Attorney Clements appealed the ruling to the United States District Court for the Northern District of Alabama. (Bk Doc. 73). The United States District Court for the Northern District of Alabama reversed, finding that the burden of proof rested with the BA, not with Attorney Clements, and remanded the case to this court for a determination as to whether the BA

---

[1] It is not clear to the court which name Mrs. Rancher would like to be called because she filed the petition as Tameka Church, but indicated her name was Tameka Rancher after being sworn in to testify. Therefore, this court will address her as Mrs. Rancher.

1

proved that Attorney Clements received undisclosed monies from the Debtors prepetition. This court held a second hearing in this matter on February 7, 2011 to take testimony from a local bankruptcy attorney regarding a receipt that was produced during the first hearing on this matter. After reconsideration of the evidence submitted in light of the Memorandum Opinion issued by the United States District Court for the Northern District of Alabama, which placed the burden of proof on the BA, this court finds that the BA failed to meet the burden of proof and **DENIES** the BA's request for sanctions.

## JURISDICTION

The Bankruptcy Court has jurisdiction of Debtors' Chapter 13 case pursuant to 28 U.S.C. § 1334(a). This court has jurisdiction of this issue, a core bankruptcy proceeding, pursuant to 28 U.S.C. § 1334(b). Jurisdiction is referred to the bankruptcy courts by the General Order of Reference of the United States District Courts for the Northern District of Alabama, Signed July 16, 1984, As Amended July 17, 1984.

## FINDING OF FACTS

The court adopts and incorporates the Finding of Facts laid out in the first Memorandum Opinion entered regarding this matter. (Bk. Doc. 68). In addition, the court also finds the following facts to be relevant.

This court entered the first Memorandum Opinion and Order in this matter on August 21, 2009. (Bk Doc. 68 & 69). On August 28, 2009, Anne Wilson Guthrie ("Attorney Guthrie"), a local bankruptcy attorney, filed a letter with the court stating the following:

> Upon reading the Memorandum Opinion issued August 21, 2009, I recognized the names and circumstances of the Debtors, Tameka T. Church and Alphonso Rancher. I consulted with the Debtors regarding their desire to stop the sale of their home on September 17, 2007.

2

> They made the appointment for a bankruptcy consultation, and paid the $35.00 counseling fee. A receipt was issued to them that day, numbered 116182.

(Bk Doc. 72). On September 29, 2010, the United States District Court entered its Memorandum Opinion and Order, reversing and remanding this court's Memorandum Opinion. (Bk. Docs. 105 & 106). This court felt it was important to hear testimony from Attorney Guthrie about the receipt issued by her office. Therefore, this court, on February 7, 2011, held a hearing for the limited purpose of hearing testimony by Attorney Guthrie. (Bk Doc 128).

Attorney Guthries's testimony closely followed the facts laid out in the letter quoted above. Attorney Guthrie testified that the Debtors were in her office on the morning of September 17, 2007, the date reflected on the $35.00 receipt at issue. Attorney Guthrie also testified that the receipt was written by her and issued by her office, not Attorney Clements' office as the Debtors had previously testified.

## CONCLUSIONS OF LAW

In the first Memorandum Opinion entered regarding the BA's Motion for Examination of Debtors' Transaction with Attorney, the court found that Attorney Clements had the burden of proof on all issues arising under § 329. In re Church, No. 07-71774, 2009 WL 2600546, at *5 (Bankr. N.D. Ala. Aug. 21, 2009) *rev'd* 438 B.R 334 (N.D. Ala. 2010). The United States District Court for the Northern District of Alabama found that the determination that Attorney Clements bore the burden of proof was legally incorrect, holding that "[a]s the party seeking to change the status, as well as the party alleging payment, the [BA] bears the burden of proving the debtors paid [Attorney Clements] for handling their bankruptcy case." In re Church, 438 B.R. 334, 343 (N.D. Ala. 2010). The United States District Court for the Northern District of Alabama further held: "Because the

3

bankruptcy court's decision implies that its decision might have been different if the burden of proof was on the [BA], the case will be reversed and remanded to the bankruptcy court for further proceedings . . ." Id. at 346. Based upon the foregoing, this court must reexamine the evidence submitted to determine whether the BA met his burden.

The BA came forward with the following evidence that tends to show that Attorney Clements did receive $1,200.00 from the Debtors prepetition: (1) The Debtors' testimony; (2) Mrs. Rancher's unsolicited disclosure to the BA that the Debtors paid Attorney Clements $1,200.00 prepetition; (3) The fact that Attorney Clements' disclosed fee is much lower than the fees charged in any of her other cases; and (4) The fact that the Debtors went to Acceptance Loan shortly after meeting with Attorney Clements the first time and took out a loan which resulted in the Debtors receiving a check for $1,253.58, almost the exact amount the Debtors allege they were charged by Attorney Clements.

Attorney Clements introduced the following evidence that tends to show that Attorney Clements did not receive $1,200.00 from the Debtors prepetition: (1) Attorney Clements' testimony; (2) Christopher Clements' testimony; (3) The fact that the Debtors were not able to produce the receipt for $1,200.00, which they testified they received from Attorney Clements' office; (4) The fact that the Debtors produced a $35.00 receipt allegedly from Attorney Clements' office, but nothing on the receipt indicated that the receipt was in fact from Attorney Clements' office; (5) The fact that the Debtors received a copy of their plan and the Confirmation Order, but said nothing for a year and half about the fact that both stated that Attorney Clements received $0.00 prepetition; and (6) The fact that a search of Attorney Clements' records did not reveal a receipt written to the Debtors.

As detailed above, this court held a hearing on February 7, 2011 during which the court heard

4

testimony about the $35.00 receipt that the Debtors allege was given to them by Attorney Clements' office. In fact, as Attorney Guthrie testified, the receipt was not given to the Debtor by Attorney Clements' office, but by Attorney Guthrie's office: Attorney Guthrie testified that the Debtors were in her office on the morning of September 17, 2007, the date reflected on the $35.00 receipt at issue, and that her office had issued the $35.00 receipt to the Debtors.

Applying the burden of proof as determined by the United States District Court for the Northern District of Alabama to the evidence cited above, this court finds that the BA failed to meet his burden of proof for the reasons that follow.

The credibility of the Debtors as witnesses was severely damaged by the testimony of Attorney Guthrie. Both Debtors testified that they went to Attorney Clements' office, gave Attorney Clements $1,200.00 for attorney's fees, and received a receipt from Attorney Clements' secretary, but could not produce this receipt. The Debtors did produce a $35.00 receipt and testified that they also received this receipt from Attorney Clements' office. Mr. Rancher testified that a white female in Attorney Clements' office gave him the $35.00 receipt and that this white female was the same person who gave him a receipt for the $1,200.00 paid as an attorney fee (Attorney Guthrie is also a white female). The testimony of the Debtors was later proven to be incorrect. As a result of this incorrect testimony, this court has to reevaluate the evidence submitted by the BA in support of his motion.

First, the fact that Debtor testified incorrectly about the $35.00 receipt calls into question the rest of the Debtor's testimony and lessens their credibility with the court. Specifically, this court must question the accuracy of the Debtors' testimony that they gave $1,200.00 to Attorney Clements, especially since Mr. Rancher testified that the same woman who gave him the receipt for the $35.00

5

also gave him the receipt for the $1,200.00; Attorney Guthrie's testimony shows that this is impossible if the Debtors gave the $1,200.00 to Attorney Clements. This court is just not prepared to find that Attorney Clements received $1,200.00 from the Debtors based upon the testimony of discredited witnesses.

Second, this incorrect testimony lessens the impact of the circumstantial evidence submitted in support of the Debtors' testimony. The BA presented evidence that the Debtors went to Acceptance Loan and took out a loan on September 18, 2007, shortly after the Debtors first went to see Attorney Clements, which resulted in the Debtors receiving a check for $1,253.58, almost the exact amount the Debtors allege they were charged by Attorney Clements. At the time this evidence was submitted, the Debtors were still credible witnesses and this court was comfortable with the inference that the loan documents supported the Debtors' testimony that they took out the loan in order to pay the $1,200.00 demanded by Attorney Clements. However, since the first hearing, this court has become aware that the Debtor visited at least one other attorney in this time frame, but omitted this from their testimony. With these new facts that are in evidence, this court is no longer comfortable with that inference.

The BA's primary source of evidence in this case was the Debtor's testimony, and the Debtors' credibility was damaged by the testimony of Attorney Guthrie. In addition, the circumstantial evidence that the BA submitted was also damaged by the testimony of Attorney Guthrie and the court is no longer comfortable viewing the circumstantial evidence as supporting an inference that the Debtors took out a $1,200.00 loan in order to pay Attorney Clements. This leaves the BA with the following items of evidence that support his case: Mrs. Rancher's unsolicited disclosure to the BA that the Debtors paid Attorney Clements $1,200.00 prepetition; and the fact that

6

Attorney Clements' disclosed fee is much lower than the fees charged in any of her other cases. This is not enough evidence for the BA to carry his burden of proof.

## CONCLUSION

The BA did not meet his burden of proving that Attorney Clements received $1,200.00 prepetition from the Debtors. As a result, there is no cause for this court to issue sanctions against Attorney Clements and the BA's request for such sanctions is due to be denied.

**DONE and ORDERED** this April 4, 2011.

/s/ C. Michael Stilson
C. Michael Stilson
United States Bankruptcy Judge